**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**BRIAN BERKOWITZ and JORDAN POWERS,**

**Plaintiffs,**

**v.**

**ELIEZER MECHLOVITZ; TILEBAR LLC; and SOHO STUDIO, LLC,**

**Defendants.**

**Civil Action No. 2:21-cv-02670 (LGD)**

**ECF CASE**

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES

Steven Stern, Esq.
Maya Addady, Esq.
**STERN & SCHURIN LLP**
*Attorneys for Defendants*
*TileBar LLC, Soho Studio LLC,*
*and Eliezer Mechlovitz*

Dated: October 11, 2023
Garden City, New York

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..... iv

INTRODUCTION ..... 1

SUMMARY OF RELEVANT FACTS ..... 1

LEGAL STANDARDS ..... 5

I. THE STANDARD FOR AWARDING FEES PURSUANT TO THE COPYRIGHT ACT, 17 U.S.C. § 505 ..... 5

II. THE STANDARD FOR AWARDING FEES PURSUANT TO 28 U.S.C. § 1927 ..... 6

ARGUMENT ..... 7

I. DEFENDANTS SHOULD BE AWARDED THEIR FEES AND COSTS ..... 7

A. Each of the Defendants Are a "Prevailing Party" Pursuant to 17 U.S.C. § 505 ..... 7

B. Plaintiffs' Lawsuit Against All Defendants Was Improperly Motivated ..... 8

1. Plaintiffs' Improper Motivation and Bad Faith Have Been Apparent from the Very Start of This Dispute ..... 8

2. Powers' Improper Motivation and Bad Faith Are Further Demonstrated by His Pursuit of TileBar After Being Paid a Licensing Fee ..... 10

3. The Need for Compensation and Deterrence Weigh Heavily in Favor of Granting an Award to Defendants ..... 12

C. Plaintiffs' Claims Against Defendant Mechlovitz Were Outright Frivolous ..... 12

D. Plaintiffs Took Objectively Unreasonable Positions Throughout the Litigation ..... 13

1. Powers' Inclusion of an Attorneys' Fees and/or Statutory Damages Claim Was Objectively Unreasonable ..... 14

2. Plaintiffs Engaged in Discovery Abuses ..... 15

3. It Was Objectively Unreasonable for Plaintiffs to Assert an Unjust Enrichment Claim at the Start of the Litigation ..... 15

4. Numerous Filings Have Been Objectively Unreasonable ..... 16

II. THE ATTORNEYS' FEES INCURRED BY DEFENDANTS ARE REASONABLE..........16

CONCLUSION..........20

# TABLE OF AUTHORITIES

***Cases***

*Agence Fr. Presse v. Morel*,
2015 U.S. Dist. LEXIS 189008 (S.D.N.Y. Mar. 23, 2015) .................................................... 12

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*,
522 F.3d 182 (2d Cir. 2007)..................................................................................................... 17

*Baker v. Urban Outfitters, Inc.*,
431 F. Supp. 2d 351 (S.D.N.Y. 2006)................................................................................ passim

*Bourne v. Walt Disney Co.*,
68 F.3d 621 (2d Cir. 1995)....................................................................................................... 10

*Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*,
532 U.S. 598 (2001)................................................................................................................... 5

*BWP Media USA, Inc. v. Gossip Cop Media, LLC*,
2015 U.S. Dist. LEXIS 8804 (S.D.N.Y. Jan. 26, 2015) ............................................................ 8

*BWP Media USA, Inc. v. Mishka NYC LLC*,
2016 U.S. Dist. LEXIS 179976 (E.D.N.Y. Dec. 28, 2016) .................................................... 17

*City of Burlington v. Dague*,
505 U.S. 557 (1992)................................................................................................................. 17

*Crescent Publ'g Group, Inc. v. Playboy Enters., Inc.*,
246 F.3d 142 (2d Cir. 2001)..................................................................................................... 17

*Davis v. Blige*, 505 F.3d 90 (2d Cir. 2007) .................................................................................. 10

*Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*,
782 F.2d 329 (2d Cir. 1986)....................................................................................................... 6

*Fogerty v. Fantasy, Inc.*,
510 U.S. 517 (1994)................................................................................................................... 6

*Forman v. Mt. Sinai Med. Ctr.*,
128 F.R.D. 591 (S.D.N.Y. 1989) ............................................................................................... 7

*Garcia v. Yonkers Sch. Dist.*,
561 F.3d 97 (2d Cir. 2009)......................................................................................................... 5

*Granada Sales Corp. v. Aumer*,
2003 U.S. Dist. LEXIS 10400 (S.D.N.Y. June 2, 2003) ........ 17

*Hallford v. Fox Entm't Grp., Inc.*,
2013 U.S. Dist. LEXIS 70669 (S.D.N.Y. Apr. 18, 2013)........ 12

*Hensley v. Eckerhart*,
461 U.S. 424 (1983)........ 17

*Kirtsaeng v. John Wiley & Sons, Inc.*,
579 U.S. 197 (2016)........ 6

*Koon Chun Hing Kee Soy & Sauce Factory, Ltd. v. Star Mark Mgmt.*,
2009 U.S. Dist. LEXIS 119707 (E.D.N.Y. Dec. 23, 2009) ........ 18

*Kregos v. Associated Press*,
3 F.3d 656 (2d Cir. 1993) ........ 16

*Lowe v. Loud Records*,
2004 U.S. Dist. LEXIS 4136 (E.D. Pa. Mar. 17, 2004)........ 12

*Lunday v. City of Albany*,
42 F.3d 131 (2d Cir. 1994)........ 17

*Manhattan Review LLC v. Yun*,
919 F.3d 149 (2d Cir. 2019)........ 5, 7

*Marvullo v. Gruner + Jahr AG & Co*,
2001 U.S. Dist. LEXIS 266 (S.D.N.Y. Jan. 16, 2001) ........ 16

*Matthew Bender & Co. v. W. Publ'g Co.*,
240 F.3d 116 (2d Cir. 2001)........ 8

*Neitzke v. Williams*,
490 U.S. 319 (1989)........ 12

*New York State Ass'n for Retarded Children, Inc. v. Carey*,
711 F.2d 1136 (2d Cir. 1983)........ 17

*Oliveri v. Thompson*,
803 F.2d 1265 (2d Cir. 1986)........ 7

*Parr v. Reiner*,
508 N.Y.S.2d 829 (Sup. Ct. 1986)........ 11

*Pyatt v. Jean*,
2010 U.S. Dist. LEXIS 85920 (E.D.N.Y. Aug. 17, 2010)................................................ 17, 18

*Sub-Zero, Inc. v. Sub Zero NY Refrigeration & Appliances Servs.*,
2014 U.S. Dist. LEXIS 45625, (S.D.N.Y. Apr. 1, 2014)........................................................ 18

*TCA TV Corp. v. McCollum*,
2017 U.S. Dist. LEXIS 86138 (S.D.N.Y. June 5, 2017) ........................................................ 13

*Torah Soft v. Drosin*,
2001 U.S. Dist. LEXIS 19217 (S.D.N.Y. Nov. 27, 2001)...................................................... 13

*United States v. Int'l Bhd. of Teamsters*,
948 F.2d 1338 (2d Cir. 1991)..................................................................................................... 6

*Value Wholesale, Inc. v. KB Ins. Co.*,
2020 U.S. Dist. LEXIS 203659 (E.D.N.Y. Nov. 2, 2020)................................................ 18, 19

*Vargas v. Transeau*,
2008 U.S. Dist. LEXIS 59344 (S.D.N.Y. Aug. 6, 2008)........................................................ 17

*Viva Video, Inc. v. Cabrera*,
9 F. App'x 77 (2d Cir. 2001)..................................................................................................... 13

*Webber v. Dash*,
2022 U.S. Dist. LEXIS 125124 (S.D.N.Y. July 14, 2022) ....................................................... 6

*Wolo Mfg. Corp. v. ABC Corp.*,
349 F. Supp. 3d 176 (E.D.N.Y. 2018) ..................................................................................... 16

*Young-Wolff v. John Wiley & Sons, Inc.*,
2016 U.S. Dist. LEXIS 3614 (S.D.N.Y. Jan. 12, 2016) ......................................................... 10

***Statutes***

17 U.S.C. § 301.......................................................................................................................... 16

17 U.S.C. § 412.......................................................................................................................... 14

17 U.S.C. § 505................................................................................................................ 1, 5, 7, 8

28 U.S.C. § 1927.................................................................................................................... 1, 6, 7

***Rules***

Fed. R. Civ. P. 41 .......... 8

Fed. R. Civ. P. 68 .......... 9

Defendants Eliezer Mechlovitz, TileBar LLC and Soho Studio LLC (collectively, "TileBar" or "Defendants" unless otherwise stated), by their attorneys STERN & SCHURIN LLP, respectfully submit this memorandum of law in support of a motion for attorneys' fees against Plaintiffs Brian Berkowitz ("Berkowitz") and Jordan Powers ("Powers") (collectively, "Plaintiffs") and their counsel pursuant to 17 U.S.C. § 505 and 28 U.S.C. § 1927. Defendants further rely upon the Declaration of Steven Stern ("Stern Decl.") and Declaration of Maya Addady ("Addady Decl.") and exhibits thereto.

## INTRODUCTION

Since the very start of this litigation, Plaintiffs have been objectively unreasonable. This case involved the *de minimis* use of photographs admittedly worth no more than $2,000. However, rather than accept settlement offers and/or Offers of Judgment totaling over $11,000, Plaintiffs pressed forward with litigation in an attempt to extort Defendants or have them risk incurring $200,000.00 in legal fees. Not only did Plaintiffs unreasonably refuse to accept Defendants' generous offers of settlement, but they also advanced frivolous claims and pursued objectively unreasonable arguments and litigation tactics against Defendants. For these reasons, which are further explained below, Defendants should be awarded $200,820.86 in fees and disbursements reasonably incurred in the defense of Plaintiffs claims which have all been dismissed.

## SUMMARY OF RELEVANT FACTS

### A. Plaintiffs' Rejection of Early Settlement Offers

Plaintiffs have admitted that this case was worth no more than $2,000. *Declaration of Maya Addady* ("*Addady Decl.*"), Ex. A, Court Order dated June 14, 2023 ("In this case, in which the underlying damages, according to counsel, is approximately $1,900...."); *Addady Decl.*, Ex.

B, Transcript of Premotion Conference held on May 8, 2023, p. 8:9 (stating that the license would have been "[b]etween 500 and $1,000"). Yet, Plaintiffs have consistently made objectively unreasonable demands of Defendants to settle this case even before the lawsuit was filed, starting at $30,000. *Addady Decl.*, Ex. C, February 21, 2021 Settlement Demand. When Defendants did not respond quickly enough, Plaintiffs increased their demand again to $40,000 and threatened to increase it again to $50,000 if not paid within the week. *Addady Decl.*, Ex. D, May 28, 2021 Settlement Demand.

Shortly after the lawsuit was filed, Defendants sought to resolve the litigation in good faith and made settlement offers and Offers of Judgment to Plaintiffs pursuant to Rule 68 in amounts totaling more than $11,000 and representing **more than three times** their respective licensing fees. *Addady Decl.*, Ex. E, Email exchange dated June 23, 2021 between S. Stern and G. Grunsfeld memorializing offers totaling $11,000; *Addady Decl.*, Ex. F, Offer of Judgment to Berkowitz dated June 23, 2021; *Addady Decl.*, Ex. G, Offer of Judgment to Powers dated June 23, 2021. Plaintiffs rejected those offers with virtually no consideration. *See Addady Decl.*, Ex. E. Instead, Plaintiffs continued to make objectively unreasonable demands of Defendants until the very end of the lawsuit. *See e.g.*, *Addady Decl.*, Ex. H, Email exchange dated October 5, 2021 between S. Stern and G. Grunsfeld (threatening an increase in settlement demand, stating that "Plaintiffs demand will continue to rise…."); Dkt. No. 22, October 5, 2021 Letter to Court (representing to the Court that "Plaintiffs' negotiable settlement demand is a relatively modest $55,000").

Since rejecting the Offers of Judgment on June 23, 2021, Plaintiffs had become even more objectively unreasonable in their demands, and improperly conditioned any settlement on whether such would be large enough to cover their attorneys' fees so that this lawsuit would not

end up being a money-losing endeavor. *Addady Decl.*, Ex. B, p. 8:12-22 (Plaintiffs explaining that they are unwilling to consider settlement for $11,000, because they incurred more in legal fees); *Addady Decl.*, Ex. H ("I would expect those legal fees/costs to amount to at least 200k by the time the case is over.")

**B. Powers' Asserted a Claim of Copyright Infringement <u>After</u> Receiving a Licensing Fee of $1,440.00 Through Its Agent Pixsy**

Prior to the entry of Powers into the Litigation, on January 23, 2021, Powers contracted with Pixsy, Inc. ("Pixsy") for Pixsy to act as his exclusive agent for the purpose of resolving matters of copyright infringement relating to his photographs. *Addady Decl.*, Ex. I, Pixsy Agent Authorization Agreement. On or about February 13, 2021, Pixsy's software identified Tilebar's use of Powers' photographs on its website blog. Powers then authorized Pixsy to act as his exclusive agent for the purpose of settling Powers' claims of copyright infringement pursuant to Pixsy's Agent Authorization Agreement. *Addady Decl.*, Ex. J. Using all of the information supplied to it, Pixsy determined that the settlement value of Tilebar's alleged infringement was not more $1,440.00, which included settlement for past use and an additional future license. *Addady Decl.*, Ex. K. On February 24, 2021, Pixsy sent TileBar an email advising TileBar that it was allegedly infringing Powers' photographs and included an offer to settle Powers' copyright claim relating thereto for a total payment of $1,440.00. Pixsy represented in its communication that the amount demanded was determined using "standardized factors, the previous license history of Mr. Power's imagery, and your use of the image(s) (size, market, length of time and category)." Pixsy also said that it used a number of standard pricing indexes for visual artwork, such as fotoQuote." Pixsy attached an invoice to its demand for $1,440, which included license terms. *Addady Decl.*, Ex. L. On June 2, 2021, TileBar's counsel wrote an email to Pixsy asking Pixsy to call him to discuss a resolution of this matter. Pixsy never responded to this email. *Addady Decl.*, Ex. M, Email dated

June 2, 2021 from S. Stern to Pixsy. On June 4, 2021, TileBar accepted Pixsy's offer by making the payment through one of the specific means that Pixsy requested, namely through the use of the bank information provided by Pixsy. *Addady Decl.*, Ex. N, Pixsy Paid Receipt (with retroactive license included). Notably, Powers entered the lawsuit on June 7, 2021, **three days after** payment was made by, and a license was granted to, Defendants.

### C. Plaintiffs' Objectively Unreasonable Litigation Tactics

Soon after the lawsuit commenced, on June 7, 2021, Plaintiffs amended their complaint to add an unjust enrichment claim against Defendants. Dkt. No. 8. Even though this claim was subject to dismissal since it was preempted by the Copyright Act, Plaintiffs refused to dismiss the unjust enrichment claim. Instead, Defendants were forced to incur time and expense in seeking the appropriate relief from the Court by filing a pre-motion conference letter seeking permission to file a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). *See Addady Decl.*, Ex. O. Pre-Motion Conference Letter dated July 9, 2021; Dkt. No. 18. Eventually, Plaintiffs capitulated and stipulated to dismiss the unjust enrichment claim with prejudice, which was So Ordered by Judge Brown. *See Addady Decl.*, Ex. P, Order of dismissal with prejudice.

The foregoing was merely the proverbial "tip of the iceberg." Indeed, Plaintiffs' vexatious litigation tactics also included:

- filing a frivolous claim of copyright infringement against Eli Mechlovitz, the owner of TileBar and Soho Studio, and refusing to voluntarily dismiss him from the case even after multiple witnesses confirmed that he had nothing to do with the alleged acts of infringement. *See Addady Decl.*, Ex. Q;
- Powers asserting a claim for attorney's fees when it was clear he was not entitled to

fees pursuant to 17 U.S.C. § 412, since Defendants' alleged acts of infringement indisputably took place prior to the effective date of Powers' registration;

- taking three depositions of Defendants' witnesses, and two depositions of non-party witnesses;
- attempting to amend the Complaint a **fourth time** at the end of fact discovery; and
- filing a meritless motion to compel to secure emails from five employees of Defendants at the end of fact discovery.

All of these actions were undertaken in a case worth less than $2,000.

### D. Defendants' Fee Application

Further facts supporting Defendants' fee application for $200,820.86 are set forth in the Declaration of Steven Stern accompanying this motion. The declaration includes invoices issued by Stern & Schurin to Defendants, the reduced billing rates charged to Defendants, a summary of the work performed over the course of the litigation, and other facts pertinent to Defendants' application for a fee award.

## LEGAL STANDARDS

### I. THE STANDARD FOR AWARDING FEES PURSUANT TO THE COPYRIGHT ACT, 17 U.S.C. § 505

Section 505 of the Copyright Act vests the Courts with discretion to award full costs and reasonable attorneys' fees to prevailing parties in copyright infringement cases. 17 U.S.C. § 505. A "prevailing party" for the purposes of a fee-shifting statute is "one who has favorably effected a 'material alteration of the legal relationship of the parties' by court order." *Manhattan Review LLC v. Yun*, 919 F.3d 149, 152-53 (2d Cir. 2019) (quoting *Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 102 (2d Cir. 2009) (quoting *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001). While "there is no precise rule to determine what a

prevailing party seeking an award of costs and fees needs to establish," courts generally consider the totality of the circumstances, including the following non-exclusive *Fogerty* factors: (i) the non-prevailing party's objective unreasonableness (both in the factual and legal components of the case), (ii) frivolousness, (iii) motivation, and (iv) the need to advance considerations of compensation and deterrence. *Fogerty v. Fantasy, Inc*., 510 U.S. 517, 534, 534 n.19 (1994); *Kirtsaeng v. John Wiley & Sons, Inc*., 579 U.S. 197, 202 (2016).

In *Kirtsaeng v. John Wiley & Sons, Inc*., the Supreme Court clarified that objective unreasonableness carries significant weight in making a determination on attorneys' fees. *Id.* at 208. Moreover, courts may even award fees where the "losing party offered reasonable arguments." *Id.* at 208-209; *see also Webber v. Dash*, 2022 U.S. Dist. LEXIS 125124, at *19 (S.D.N.Y. July 14, 2022) (awarding fees despite finding that adversary's litigation position was not objectively unreasonable).

## II. THE STANDARD FOR AWARDING FEES PURSUANT TO 28 U.S.C. § 1927

Under 28 U.S.C. § 1927, "[a]ny attorney … who so multiplies the proceedings in any case unreasonably and vexatiously may be required to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." By its own terms, §1927 looks to unreasonable and vexatious multiplications of proceedings, and it imposes a continuing obligation upon counsel to refrain from dilatory and abusive tactics and to avoid prolonging meritless claims throughout the entire course of the litigation. *United States v. Int'l Bhd. of Teamsters*, 948 F.2d 1338, 1345 (2d Cir. 1991). "Sanctions under § 1927 are proper when there is clear evidence that the actions were entirely without color and were taken to harass, delay the proceedings, or for otherwise inappropriate reasons." *Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 362 (S.D.N.Y. 2006) (citing *Dow Chem. Pac. Ltd. v. Rascator Mar.*

*S.A.*, 782 F.2d 329, 344 (2d Cir. 1986)); *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986) (stating that an award under § 1927 is proper when an attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for an improper purpose). There must also be a finding of bad faith similar to that necessary to invoke the court's inherent power. *Id.* In considering whether there has been bad faith, the court may consider the manner in which the action was brought and the manner in which it was litigated. *Id.* at 1272. Bad faith may be inferred when "an attorney engages in conduct that is so objectively unreasonable that he necessarily must have been acting in bad faith." *Forman v. Mt. Sinai Med. Ctr.*, 128 F.R.D. 591, 600 (S.D.N.Y. 1989).

## ARGUMENT

### I. DEFENDANTS SHOULD BE AWARDED THEIR FEES AND COSTS

For the reasons set forth below, and based on the totality of circumstances, Defendants should be awarded their fees and costs in the amount of $200,820.86, pursuant to 17 U.S.C. § 505 and/or 28 U.S.C. § 1927.

#### A. Each of the Defendants Are a "Prevailing Party" Pursuant to 17 U.S.C. § 505

Section 505 provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, **the court may also award a reasonable attorney's fee to the prevailing party as part of the costs**.

17 U.S.C. § 505 (emphasis added).

Here, there is no doubt that each of the Defendants are a "prevailing party" because dismissal of the claims against them effected a judicially sanctioned, material alteration of the parties' legal relationship. *Manhattan Review*, 919 F.3d at 153 (internal citations omitted). In particular, Mechlovitz is a prevailing party because the Court entered summary judgment in his

favor on May 8, 2023 and Judgment thereafter on August 25, 2023. *See* Dkt. Nos. 72 and 87-1. Likewise, TileBar and Soho Studio are prevailing parties because the claims against them were dismissed with prejudice by Stipulation and Order pursuant to Rule 41(a)(1)(A)(ii). *See* Dkt. No. 90. *See BWP Media USA, Inc. v. Gossip Cop Media, LLC*, 2015 U.S. Dist. LEXIS 8804, at *11 (S.D.N.Y. Jan. 26, 2015) (holding that a defendant in a copyright infringement action is a "prevailing party" for purposes of 17 U.S.C. § 505 where the claims against it are dismissed with pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii)).

**B. Plaintiffs' Lawsuit Against All Defendants Was Improperly Motivated**

From the outset of the litigation, it has been apparent that Plaintiffs' lawsuit was motivated by greed. Notwithstanding the paltry value of their claims – which were admitted to be worth no more than $2,000 in total – and the generous offers of settlement that had been made via Offers of Judgment and at settlement conferences, Plaintiffs improperly sought to leverage the cost of this copyright litigation into a settlement that far exceeded the upper limits of damages to which Plaintiffs could ever be entitled. Based on the totality of circumstances, Defendants are entitled to an award of their fees and costs. These circumstances include the improper motivations and bad faith driving Plaintiffs' lawsuit; the objectively unreasonable factual and legal contentions advanced by Powers in pursuing this suit after being paid a licensing fee; and the need for both compensation and deterrence.

**1. Plaintiffs' Improper Motivation and Bad Faith Have Been Apparent from the Very Start of This Dispute**

Even if a party's copyright claim is not objectively unreasonable, improper motivation or "manifest bad faith alone" in prosecuting such an action may entitle a prevailing defendant to a full award of fees and costs. *See Baker*, 431 F. Supp. at 357-58 (citing *Matthew Bender & Co. v. W. Publ'g Co*., 240 F.3d 116, 125-27 (2d Cir. 2001)); *BWP Media USA*, 2015 U.S. Dist. LEXIS

8804, at *17 (finding that bad faith is a valid ground for an award of fees). In this case, there is ample evidence from which the Court should conclude that Plaintiffs were improperly motivated or otherwise acted in bad faith from the very start.

**a. Plaintiffs' Progressively Climbing Pre-Suit and Early Settlement Demands Demonstrate Their Bad Faith**

Plaintiffs' motivation for pursuing this lawsuit was to secure a windfall from Defendants for the *de minimis* use of their photographs, which by their own admissions were worth no more than $1,000-$2,000 in total. The exploitative settlement posture maintained by Plaintiffs prior to and throughout these proceedings supports this conclusion. In particular, before suit was filed, Berkowitz demanded $30,000 from Defendants to settle his claim. This demand steadily increased until it reached $55,000, combined with a veiled threat of $150,000 in statutory damages and $200,000+ in attorney's fees.

**b. Plaintiffs' Rejection of Offers of Judgment Totaling in Excess of $11,000 Also Demonstrates Bad Faith**

On June 23, 2023, less than a week after Powers asserted the third cause of action in this lawsuit, Defendants attempted to settle the claims early on by serving what can only be described as **generous** Offers of Judgment pursuant to Fed. R. Civ. P. 68 which were valued at more than three times the values of the photographs asserted. *Addady Decl.*, Ex. F and Ex. G. Both Plaintiffs rejected the Offers of Judgments with virtually no consideration. *See Addady Decl.*, Ex. E. Throughout the early days of the litigation until two years later, Plaintiffs continued their endeavor to extort an exorbitant sum of money for the *de minimis* use of their photographs. At no time were Plaintiffs merely motivated to secure Defendants profits – which were zero – or a fair and reasonable licensing fee which was no more than $1,000-$2,000 in total for the use of Plaintiffs' photographs. *See e.g., Baker* at *358 (reaching the same conclusion on similar facts).

**c. Plaintiffs Could Not Have Been Motivated by Securing an Injunction**

Since Defendants ceased the use and display of Plaintiffs' photographs immediately upon receipt of notice, *see Addady Decl.*, Ex. C, Berkowitz could not have been motivated by the pursuit of an injunction. *See e.g., Baker* at *358. The same is also true for Powers since Defendants had already ceased us of Powers' photograph by the time Powers joined suit on June 7, 2021.

**2. Powers' Improper Motivation and Bad Faith Are Further Demonstrated by His Pursuit of TileBar After Being Paid a Licensing Fee**

Just like his colleague Berkowitz, Powers was motivated by the prospect of leveraging the cost of copyright litigation to extract an exorbitant settlement from Defendants that exceeded the value of his photograph. However, Powers' pursuit of his claims is far more egregious since Powers was actually paid a licensing fee of $1,440 by Defendants **prior** to his joinder to the lawsuit.

A license "immunizes the licensee from a charge of copyright infringement." *Davis v. Blige*, 505 F.3d 90, 100 (2d Cir. 2007). The existence of a license is an affirmative defense that places the burden of producing such license on the party claiming its existence. *Bourne v. Walt Disney Co.*, 68 F.3d 621, 631 (2d Cir. 1995). In contrast, where the validity of a license is at issue, it is the copyright owner's burden to show that the defendant's use of a work was unauthorized. *Id.* Powers has not met that burden nor could he as a matter of law.

Here, Defendants secured a license from Pixsy, Powers' agent, on June 4, 2021 – four days prior to Powers' joinder to this lawsuit. Notably, the Pixsy license also included permission for **retroactive use**, *see Addady Decl.*, Ex. N, thereby immunizing Defendants from Powers' claim of copyright infringement that occurred in the past. *See Young-Wolff v. John Wiley & Sons, Inc.*, 2016 U.S. Dist. LEXIS 3614, at *14, 18 (S.D.N.Y. Jan. 12, 2016) (an agreement between

a licensing agent and a third party can, as a matter of law, retroactively cure claims of infringement asserted against that third party by the exclusive license holder). Thus, when Defendants accepted Pixsy's license in a good faith attempt to resolve the parties' dispute prior to Powers' joinder, the license agreement became binding on Powers. *See Parr v. Reiner*, 508 N.Y.S.2d 829, 832 (Sup. Ct. 1986) ("The revocation of an agent's authority will not affect the validity of transactions with persons who, without notice of the revocation, continue in good faith to deal with him as agent.")

In response to Defendants' contention that they had secured a license which immunized them from Powers' copyright infringement claims, Powers advanced entirely unreasonable factual and legal arguments asserting that Defendants must have known that Powers withdrew authority from Pixsy prior to Defendants' purchase of the license. *See* Dkt. No. 58, Letter dated January 16, 2023 from G. Grunsfeld to Hon. Gary R. Brown. However, no evidence was ever produced during discovery to support that claim – not an email from Pixsy, nor any communications from Powers or his counsel. Based on this unsupported contention, Powers still argued that the license purchased by Defendants was invalid and should be disregarded by the Court.

Setting aside Powers' factual and legal contentions, Powers has never even attempted to explain why he did not simply accept the licensing fee of $1,440 – which was more than counsel later admitted in Court the photograph was worth – and bow out of the lawsuit. That Powers took steps in an attempt to undo the license granted through Pixsy to pursue a lawsuit for a photograph that was worth **<u>less</u>** than the fee already collected can only lead to one conclusion – that Powers acted in bad faith and with improper motivation to pursue a windfall in settlement from Defendants by using the cost of litigation as leverage. In view of the foregoing, the Court

should award fees and costs to Defendants. *See e.g.*, *Lowe v. Loud Records*, 2004 U.S. Dist. LEXIS 4136, at *9 (E.D. Pa. Mar. 17, 2004) (awarding defendant attorneys' fees because the plaintiff's claim was unreasonable in light of defendant's licensed use).

#### 3. The Need for Compensation and Deterrence Weigh Heavily in Favor of Granting an Award to Defendants

An award of fees and costs is crucial here to deter Plaintiffs and other similarly situated plaintiffs from commencing and maintaining claims based upon a cost-benefit analysis that results in a determination that tells those plaintiffs that they can "score big if they win and that there will be no adverse consequences if they lose." *Baker*, 431 F. Supp. at 359. Moreover, awarding Defendants their fees will compensate them for the defense of an action that should have been settled before suit was even commenced, and certainly no later than when the Offers of Judgment were served on June, 23, 2021. By rejecting Defendants' substantial and fair offers, Plaintiffs unnecessarily prolonged the litigation by over two years.

### C. Plaintiffs' Claims Against Defendant Mechlovitz Were Outright Frivolous

There are additional reasons why the Court should award fees in this case. For example, the claims asserted by Plaintiffs against the individual defendant Mechlovitz were frivolous from the start. Indeed, there was never any evidence tying Mechlovitz to Plaintiffs' claims.

An argument or claim "'is frivolous when there is indisputably absent any factual or legal basis'" for it. *Hallford v. Fox Entm't Grp., Inc.*, 2013 U.S. Dist. LEXIS 70669, at *2 (S.D.N.Y. Apr. 18, 2013) (quoting *Neitzke v. Williams*, 490 U.S. 319, 322 (1989)); *Agence Fr. Presse v. Morel*, 2015 U.S. Dist. LEXIS 189008, at *13 (S.D.N.Y. Mar. 23, 2015) ("A complaint is frivolous 'where it lacks an arguable basis either in law or in fact.'") (citation omitted).

Here, there was never any factual or legal basis upon which Plaintiffs could have reasonably asserted a copyright infringement claim against the individual defendant Mechlovitz.

Clearly, Plaintiffs' claims against Mechlovitz were intended solely to harass him and to force him to capitulate into a settlement on behalf of himself and his company. Indeed, Plaintiffs' allegation that Mechlovitz "oversaw and controlled Tilebar LLC's alleged infringing activity," *see Complaint*, ¶ 6, was a complete fabrication, which was made without any evidentiary support. Not a single shred of evidence has been produced nor testimony elicited which suggested that Mechlovitz had any part in the alleged infringements asserted in this lawsuit.

Despite the frivolousness nature of the copyright infringement claim asserted against the Mechlovitz, Plaintiffs insisted on harassing him by taking his deposition – which was taken on April 5, 2022. Incredibly, even after Mechlovitz's deposition was taken, conclusively establishing that he took no part in the alleged acts of infringement, Plaintiffs still refused to dismiss their claims against Mechlovitz. *See Addady Decl.*, Ex. Q. Plaintiffs explained that they would only do so if Mechlovitz's testimony "is not contradicted by [other witnesses' testimony]." *Id.* Yet, even after all depositions were taken, Plaintiffs still refused to stipulate to an unconditional dismissal of Mechlovitz that preserved his right to seek attorney's fees for the frivolous case that was brought against him. This forced Mechlovitz to further extend his defense and to seek a dismissal via summary judgment, which was granted by Judge Brown on May 8, 2023. *See* Dkt. No. 72.

**D. Plaintiffs Took Objectively Unreasonable Positions Throughout the Litigation**

An argument or claim is objectively unreasonable if it "is clearly without merit on any determinative issue." *TCA TV Corp. v. McCollum*, 2017 U.S. Dist. LEXIS 86138, at *26 (S.D.N.Y. June 5, 2017) (quoting *Torah Soft v. Drosin*, 2001 U.S. Dist. LEXIS 19217, at *14 (S.D.N.Y. Nov. 27, 2001); *Viva Video, Inc. v. Cabrera*, 9 F. App'x 77, 80 (2d Cir. 2001) (claims are objectively unreasonable when they "have no legal or factual support"). Based on the

objectively unreasonable tactics undertaken by Plaintiffs, Defendants' are entitled to an award of fees. Since the beginning of, and consistently throughout, this lawsuit, Plaintiffs have asserted claims and raised arguments, which are wholly lacking in legal or factual support.

### 1. Powers' Inclusion of an Attorneys' Fees and/or Statutory Damages Claim Was Objectively Unreasonable

It was objectively unreasonable – if not frivolous – for Powers to assert a claim for an award of statutory damages or attorneys' fees. Section 412 of the Copyright Act only permits the recovery of statutory damages and attorneys' fees if a registration was secured for a published work prior to the commencement of the alleged acts of infringement unless such registration is made within three months after first publication of the work. 17 U.S.C. § 412(2).

In this case, it is undisputed that the Powers' photographs were first published no later than January 2019. *See* Dkt. No. 54-1 (Defendants' 56.1(a) Statement), SMF 76 ("In January of 2019, the photographs were first published when the Plaintiffs gave them to Ms. Eneia White."); Dkt. No. 58-2 (Plaintiffs' 56.1(b) Statement), p. 6 (admitted SMF 76). Moreover, TileBar's alleged acts of copyright infringement took place **before** Powers' photographs effective date of registration, December 14, 2020. *See* Dkt. No. 54-1 (Defendants' 56.1(a) Statement), SMF 53-54 ("Powers registered the photographs at issue on December 14, 2020;" and "Tilebar's alleged acts of infringement began prior to the date of Powers' copyright registration, December 14, 2020."); Dkt. No. 58-2 (Plaintiffs' 56.1(b) Statement), p. 4 (admitted SMF 53-54). Accordingly, under the express terms of § 412, Powers could never recover either statutory damages or attorneys' fees.

Nevertheless, throughout the course of this litigation, Plaintiffs continued to improperly seek one, the other, or both. *See Addady Decl.*, Ex. H (stating that Plaintiffs are entitled to legal fees); Ex. B, p. 8:19-22 ("plaintiffs had already incurred more than $11,000 in legal fees"); *id.*, p.

9:23-9:24 ("plaintiffs believe they would be entitled to legal fees on top of that. So if there is an award of legal fees plus a statutory award…"). Accordingly, it was unreasonable, improper, and vexatious for Plaintiffs to insist that Powers was entitled to attorneys' fees.

#### 2. Plaintiffs Engaged in Discovery Abuses

Discovery in this case proceeded slowly and with great difficulty because of the many discovery abuses committed by Plaintiffs. For example, took advantage of the discovery process by insisting on taking three depositions of Defendants and two non-party witnesses in a case that they admitted to be worth no more than $2,000. In addition, after fact discovery ended, Plaintiffs filed a motion to amend the complaint for a **fourth time** which the Court denied. *See* Dkt. No. 68. Also after discovery ended, Plaintiffs filed a frivolous motion, seeking to compel the production of additional emails from five employees. The Court also denied that motion, as it too was wholly unjustified. *See* November 14, 2022 Order ("Plaintiff is now seeking the production of certain emails *after* the 9/30/22 fact discovery cut-off"); November 22, 2022 Order (the Court addresses "another discovery dispute" and denies Plaintiffs' untimely request for search and production of emails from five employees).

#### 3. It Was Objectively Unreasonable for Plaintiffs to Assert an Unjust Enrichment Claim at the Start of the Litigation

In the Second Amended Complaint, Plaintiffs asserted an unjust enrichment claim against Defendants based solely on TileBar's alleged use of the Powers' photograph without permission or license. Dkt. No. 14. However, Plaintiffs' state law claim for unjust enrichment was objectively unreasonable from the start as it was preempted by the Copyright Act.

It is well settled law that a state law cause of action, like unjust enrichment, is preempted by the Copyright Act if "(1) the subject matter of the state law right falls within the subject matter of copyright law, and (2) the state right asserted is equivalent to an exclusive right

protected by federal copyright law." *Marvullo v. Gruner + Jahr AG & Co,* 2001 U.S. Dist. LEXIS 266, at *18 (S.D.N.Y. Jan. 16, 2001) (citing 17 U.S.C. § 301(a)-(b); *Kregos v. Associated Press,* 3 F.3d 656, 666 (2d Cir. 1993)); *Wolo Mfg. Corp. v. ABC Corp.*, 349 F. Supp. 3d 176, 211 (E.D.N.Y. 2018).

Here, Plaintiffs' state law unjust enrichment claim was duplicative of its federal law copyright infringement claim as both claims were based on the same subject matter and asserted right, i.e., Defendant's use of the photos without permission. Therefore, the former was preempted by the Copyright Act. Defendants were forced to waste time and brief their arguments on the unjust enrichment claim, which was ultimately dismissed by stipulation and order. *See* Dkt. Nos. 18, 20; July 20, 2021 Order.

#### 4. Numerous Filings Have Been Objectively Unreasonable

Throughout these proceedings, Plaintiffs have also taken to submitting unnecessary and objectively unreasonable filings with the Court. These filings lack any basis, were unwarranted, and have only caused Defendants to incur additional fees and irritate the Court. In response to more recent filings, the Court has even acknowledged the unreasonableness of Plaintiffs' conduct on a number of occasions. *See e.g.*, August 1, 2022 Order (the Court disagrees with Plaintiffs' "after the fact reinterpretation" of a letter they filed, Dkt. No. 46, since they were certainly seeking the Court's intervention); August 25, 2023 Order ("Plaintiffs are directed to cease future frivolous filings with the undersigned").

## II. THE ATTORNEYS' FEES INCURRED BY DEFENDANTS ARE REASONABLE

Under the Copyright Act, the Court must determine a "reasonable" award of fees and costs. 17 U.S.C. § 505. As is detailed in the Declaration of Steven Stern, the fees and costs incurred by Defendants were reasonable, necessary, and directly related to the claims and

defenses in the litigation. *See Vargas v. Transeau*, 2008 U.S. Dist. LEXIS 59344, at *8 (S.D.N.Y. Aug. 6, 2008) (fee applications must be supported by time records that "specify, for each attorney, the date, the hours expended, and the nature of the work done.") (quoting *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)).

The amount of attorneys' fees to award a prevailing party is determined by calculating the "presumptively reasonable fee." *BWP Media USA, Inc. v. Mishka NYC LLC*, 2016 U.S. Dist. LEXIS 179976, at *11 (E.D.N.Y. Dec. 28, 2016). Fees are calculated using the "lodestar" method, which multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Crescent Publ'g Group, Inc. v. Playboy Enters., Inc.*, 246 F.3d 142, 150 (2d Cir. 2001); *Baker v. Urban Outfitters, Inc*., 431 F. Supp. 2d 351, 360 (S.D.N.Y. 2006). "Once the lodestar is established, there is a 'strong presumption' that it is reasonable." *Baker* at 360 (citing *City of Burlington v. Dague,* 505 U.S. 557, 562 (1992); *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994); *Granada Sales Corp. v. Aumer*, 2003 U.S. Dist. LEXIS 10400, at *10 (S.D.N.Y. June 2, 2003)).

The number of hours expended is reasonable if, when the work was performed, "a reasonable attorney would have engaged in similar time expenditures." *Pyatt v. Jean*, 2010 U.S. Dist. LEXIS 85920, at *10-19 (E.D.N.Y. Aug. 17, 2010). An hourly rate is reasonable if it is the rate that a paying client is willing to pay. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2007). The reasonable hourly rate is determined by considering all pertinent factors, including the *Johnson* factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6)

> whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Pyatt*, 2010 U.S. Dist. LEXIS 85920, at *16-17. Courts may also rely on their own knowledge of prevailing rates in certain communities and areas of law. *Pyatt* at *10-19. For example, the reasonable rate for a New York practitioner may be higher than in other states. *See e.g., Sub-Zero, Inc. v. Sub Zero NY Refrigeration & Appliances Servs*., 2014 U.S. Dist. LEXIS 45625, at *24-25 (S.D.N.Y. Apr. 1, 2014) (finding hourly rates of $485 for a partner in Madison, Wisconsin and $785 for a partner in New York City were both reasonable and in line with the prevailing rates in their respective judicial districts).

The reasonable rate may also be higher for intellectual property lawyers than those practicing in other areas since additional expertise is required. *Koon Chun Hing Kee Soy & Sauce Factory, Ltd. v. Star Mark Mgmt.*, 2009 U.S. Dist. LEXIS 119707, at *19 (E.D.N.Y. Dec. 23, 2009) ("because intellectual property matters such as this one require specialized knowledge, courts in this district have approved higher hourly rates than those generally awarded."); *see also e.g., Value Wholesale, Inc. v. KB Ins. Co*., 2020 U.S. Dist. LEXIS 203659, at *16 (E.D.N.Y. Nov. 2, 2020) (approving hourly rates between $550 and $600 for partners, and between $325 and $400 for associates, for attorneys specializing in intellectual property law).

Steven Stern and Richard Schurin are both intellectual property attorneys with over 20 years of experience litigating intellectual property disputes, including many copyright matters. *Id.* ¶¶ 6, 7. Likewise, Penina Green, who handled a significant amount of the litigation as an associate, practiced for a number of years in intellectual property since graduating from Fordham in 2018. *Id.* ¶ 8.

Here, the fees and costs requested are reasonable. This case was staffed with attorneys possessing the necessary experience and expertise in the specialized area of copyright law. Moreover, the hourly rates in this case of $550 per hour for partners, and $400 per hour for associates, are significantly lower than those Stern & Schurin customarily charges its clients. These reduced rates were charged to Defendants based on their longstanding client relationship with the firm. These rates fall well within the range of what courts in this Circuit consider to be reasonable for intellectual property litigation. *See Value Wholesale, Inc. v. KB Ins. Co.*, No. 18-cv-5887(KAM)(SMG), 2020 U.S. Dist. LEXIS 203659, at *16 (E.D.N.Y. Nov. 2, 2020).

Invoices show that from June 1, 2021 to September 26, 2023, a period of 27 months, Stern & Schurin expended 416.6 hours litigating this case as follows:

| **Attorney Name** | **Number of Hours Billed from June 1, 2023 through September 26, 2023** |
|---|---|
| Steven Stern | 106.0 |
| Richard Schurin | 115.1 |
| Penina Green | 174.9 |
| Moshe Allweiss | 20.6 |
| | |
| **Total Hours Billed by Stern & Schurin for Entire 2+ Year Litigation** | 416.6 |

*Id.* ¶ 12. The time listed above includes approximately 20 hours billed by another Stern & Schurin associate, Moshe Allweiss, for time spent by Defendants in preparing and filing a motion requesting an order that Plaintiffs be required to post a bond. *Id.* ¶ 11. The work reflected in the bills cover a tremendous amount of work by intellectual property counsel over two years. This work includes, without limitation, multiple settlement conferences/mediations, fact discovery (i.e., initial disclosures, preparing and responding to written discovery requests, document review and production, depositions of six (6) witnesses etc.), multiple motions to compel, motion for judgment

on the pleadings, motion to amend the complaint and a motion for summary judgment. *Id.* ¶ 20.

In addition to the hours billed, the invoices list $1,015.86 in disbursements incurred by Stern & Schurin in defense of the claims asserted by Plaintiffs. *Id.* ¶ 13. The invoices show that Defendants incurred fees and disbursements totaling $200,820.86 as follows:

| Invoice No. | Period Covered | Issue Date | Amount |
|---|---|---|---|
| 101781 | June 2021-September 2021 | 10/5/2021 | $ 31,337.95 |
| 101846 | October 2021-December 2021 | 1/26/2022 | $ 45,310.00 |
| 101919 | January 2022-March 2022 | 4/10/2022 | $ 14,679.42 |
| 102000 | April 2022-June 2022 | 8/5/2022 | $ 8,380.00 |
| 102049 | July 2022-September 2022 | 11/19/2022 | $ 51,529.25 |
| 102116 | October 2022-December 2022 | 2/13/2023 | $ 18,755.00 |
| 102165 | January 2023-March 2023 | 4/30/2023 | $ 14,905.00 |
| 102216 | April 2023-June 2023 | 7/30/2023 | $ 8,745.00 |
| 102252 | July 2023-September 2023 | 10/9/2023 | $ 7,179.24 |
| | | | |
| | | **Total** | **$ 200,820.86** |

*Id.* ¶ 15.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that this Court grant their motion in its entirety, and hereby award reasonable attorneys' fees and costs in an amount of $200,820.86.

Dated: October 11, 2023
Garden City, New York

**STERN & SCHURIN LLP**

By: Steven Stern
sstern@sternschurin.com
Maya Addady
maddady@sternschurin.com
595 Stewart Avenue
Suite 510
Garden City, New York 11530
Tel: 516-248-0300
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

The foregoing Memorandum of Law in support Of Defendants' Motion for Attorneys' Fees and accompanying Notice of Motion, Declaration of Steven Stern and Declaration of Maya Addady and exhibits thereto were served via email on October 11, 2023 addressed to Gerald Grunsfeld at Gerry@LGELaw.com

Steven Stern

Steven Stern