RICHARD S. SCHURIN
STEVEN STERN
STANLEY R. GOODMAN
PENINA GREEN
MOSHE Y. ALLWEISS

595 STEWART AVENUE
SUITE 510
GARDEN CITY, NY 11530
TEL. (516) 248-0300
FAX (516) 283-0277
WWW.STERNSCHURIN.COM

STERN & SCHURIN LLP
PATENTS TRADEMARKS COPYRIGHTS

**PLAINTIFFS' CONFIDENTIAL SETTLEMENT STATEMENT**
**IN ADVANCE OF MEDIATION SCHEDULED FOR OCTOBER 8, 2021**

October 5, 2021

**VIA ECF**
Hon. Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

**Re: *Berkowitz and Powers v. Mechlovitz et al.***
**Civil Action No. 21-cv-02670 (GRB) (ST)**

Dear Judge Tiscione:

This firm represents Defendants, Eliezer Mechlovitz ("Mechlovitz"), Tilebar LLC ("Tilebar"), and Soho Studio, LLC ("Soho Studio") (collectively, "Defendants"). We submit this Confidential Settlement Statement pursuant to Your Honor's Individual Practices in advance of the mediation currently scheduled for October 8, 2021.

## I. BACKGROUND OF PARTIES AND FACTS

Both of the claims at issue involve the *de minimis* use of photographs by one of the corporate Defendants in blog posts. The photos at issue were each also offered by Plaintiffs for license for modest amounts. Accordingly, even if Plaintiffs are successful in their claims, which may not be the case considering the defenses to liability that exist, there is little chance for a significant damages award.

Defendant Tilebar is a tile company that serves the retail tile market. Mr. Mechlovitz is the President of Tilebar, who had nothing to do with the use of the photographs at issue. Like many companies that sell tile in the retail market, Tilebar has a website which includes a blog where Tilebar shares design ideas with prospective customers. This is where the photos at issue were used.

Plaintiffs Jordan Powers ("Powers") and Brian Berkowitz ("Berkowitz") are both commercial photographers that upon information and belief regularly license their photos to users for modest licensing fees.

**A. THE POWERS' PHOTOGRAPH**

The Powers Photograph is a photo depicting bathroom décor (the "Powers Photograph"). This photo was used by Defendants in the Spring 2019 in a blog post entitled WHAT TO CONSIDER WHEN CHOOSING SHOWER TILES.

The Powers Photograph was offered for license by Powers though an online licensing agency known as Pixsy.com. Pixsy.com offered this particular photo for license to Defendant for the sum of $1,440.00. The license that was offered included coverage, by its express terms, for "retroactive use."

On June 4, 2021, Defendants purchased a license to the Powers Photograph. This was **before** the Complaint was amended to add the Powers Photograph to this case and prior to any knowledge by the Defendants of Plaintiffs' intention to do so. Plaintiffs have since attempted to return the license fee, claiming that Pixsy.com offered the license to Defendants without authorization. Defendants do not believe that Plaintiff Powers has the right to revoke the license that was granted and paid for by Tilebar, and accordingly Powers' claim for infringement is frivolous.

**B. THE BERKOWITZ PHOTOGRAPH**

Berkowitz captured a photograph depicting bathroom décor (the "Berkowitz Photograph"). This photo was used by Defendants in Spring 2020 in a blog post entitled 6 BATHROOM TILE IDEAS FOR YOUR NEXT PROJECT. Prior to commencement of this action, Tilebar was in negotiations to license this photo. However, unlike the Powers Photograph, Defendants were not able to obtain a license to the Berkowitz Photograph prior to suit. In his Rule 26 Initial Disclosures, Plaintiff Berkowitz represented that he lost $1,500 in licensing revenue from Defendants use of this photograph.

**II. SETTLEMENT EVALUATION AND DEMAND FOR ATTORNEY'S FEES**

Defendants have been trying in good faith to resolve this case from the outset. When original reasonable offers based on the above licensing fees were refused without a reasonable counter-demand, Defendants decided to make Offers of Judgment. Accordingly, on June 23, 2021, Defendants made an Offer of Judgment to each Plaintiff. *See* **Exhibit A**, Offers of Judgment to Powers and Berkowitz. These Offers of Judgment were made in the interests of speedily resolving the case and avoiding further litigation expense, which is the purpose of Offers of Judgment, despite Defendants having received no sales resulting from the use of the photographs.

Defendants offered Plaintiff Powers the sum total of $5,320. This amount was determined by **trebling** the licensing fee charged by Pixsy.com, and adding one thousand dollars ($1,000) to account for any attorneys' fees Powers may have incurred until that date. The Offer of Judgment made to Powers was rejected by Plaintiffs.

Hon. Steven L. Tiscione
United States Magistrate Judge
October 5, 2021
Page 3

Defendants made a similar Offer of Judgment to Plaintiff Berkowitz in the sum total of $6,154.66. This amount was determined by **<u>trebling</u>** Mr. Berkowitz's fees for an entire photo shoot (despite only using one photograph) and adding one thousand dollars ($1,000) to account for any attorneys' fees he may have incurred. Again, Berkowitz rejected Defendants' Offer of Judgment.

To date, Plaintiffs' only counter to Defendants' reasonable offers was a $50,000 demand to collectively settle the case on behalf of both Plaintiffs. No explanation or calculation was given for the amount demanded. **<u>In addition, and contrary to Your Honor's rules no settlement offer was made to Defendants in advance of this upcoming conference.</u>**

Following Plaintiffs' rejection of the Offers of Judgement, Defendants have continued to incur costs and fees to defend this frivolous litigation. Accordingly, Defendants have no choice but to proceed with the case to try to defeat Plaintiffs claims. If Plaintiffs are unsuccessful, we are confident that any damage award will come in well below what was offered in the Offers of Judgment. Accordingly, at this point we believe that we have created the basis for an award of attorney fees to Defendants regardless of the outcome. If Defendants are successful in defeating the claims, which seems extremely likely at least with respect to the Powers Photograph, then Defendants will be entitled to recovery of their fees as a "prevailing party" in a Copyright case. If for some reason Plaintiffs are successful on liability, we are confident that any damage award will come in well below the rejected Offers of Judgment, in which case Defendants will be able to recover their attorney fees on that basis.

We look forward to negotiating in good faith and thank the Court in advance for its assistance.

Respectfully submitted,

**STERN & SCHURIN LLP**

Richard S. Schurin

Richard Schurin

Enclosure